UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ELIZABETH MCLAUGHLIN and
LARRY MCLAUGHLIN,

                         Plaintiffs,

          -against-

PET SMART and PET SMART, INC.,

                        Defendants.
-------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
19-CV-227 (JMA) (AKT)

**FILED
CLERK**

11/24/2020 12:47 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Plaintiffs Elizabeth McLaughlin and Larry McLaughlin ("Plaintiffs") bring negligence and loss of consortium claims against defendants Pet Smart and Pet Smart, Inc. ("Defendants") based on injuries Ms. McLaughlin sustained in one of Defendant's stores. Pending before the Court is Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56, (ECF No. 15-33), which Plaintiffs oppose, (ECF No. 15-38). For the reasons set forth below, the Court **DENIES** Defendants' motion.

Summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law,'" while "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the non[-]moving party.'" Konikoff v. Prudential Ins. Co. of Am., 234 F.3d 92, 97 (2d Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party

opposing summary judgment." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations omitted).

Here, the record is replete with disputed material facts that preclude the Court from finding that Defendants are entitled to judgment as a matter of law. The parties rely on conflicting evidence to dispute nearly every aspect of the circumstances of Ms. McLaughlin's injury. Because of the many disputed material facts, Defendants' motion for summary judgment must be **DENIED**.

**SO ORDERED.**

Dated: November 24, 2020
       Central Islip, New York

                                                   /s/  (JMA)
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE